## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOHN DOE**                                        Case No. 24-cv-11106

    **Plaintiff,**                                Hon. Linda V. Parker

**vs.**

**UNIVERSITY OF DETROIT MERCY**
**SCHOOL OF DENISTRRY, and**
**UNIVERSITY OF DETROIT MERCY**

    **Defendants,**

---

### MOTION TO INTERVENE FOR THE LIMITED PURPOSES OF CHALLENGING THE PLAINTIFF'S USE OF A PSEUDONYM.

**COMES NOW** Proposed Intervenor, Charles Blackwell, hereby seeks to permissively intervene in this action pursuant to Fed. R. Civ. P. 24(b) for the limited purposes of challenging Plaintiff's attempt to proceed in this case under a pseudonym.

In support of this motion, the movant states as follows:

1. On April 25th, 2024, the Plaintiff, while using the pseudonym of "John Doe," filed a two-count breach of contract lawsuit against the University of Detroit Mercy and University of Detroit Mercy School of Dentistry for his dismissal from the University due to alleged stalking allegations.  *See* ECF No. 1, Complaint.

1

2. The very same day, the Plaintiff filed an ex-parte motion for a protective order in order to proceed under the pseudonym of "John Doe." *See* ECF No. 2.

3. The public and the press has the First Amendment and common law right to know who is using the Court's resources. Proposed intervenor Charles Blackwell is a local government watchdog who frequently monitors court matters such as these.

4. Movant's Blackwell's motion to intervene is timely. This Court has not ruled on the Plaintiff's April 24th motion (ECF No. 2) to proceed under a pseudonym yet.

Consistent with E.D Mich. LR 7.1., proposed intervenor sought concurrence in the relief requested herein via email from Plaintiffs' local counsel and pro hace vice counsel, but counsel did not respond at the time of this filing.

**WHEREFORE**, for the reasons specified in the attached Brief in Support, the movant respectfully requests that this Court enter an order allowing him to permissively intervene in this matter for limited purposes of challenging Plaintiff's attempt to proceed in this case under a pseudonym.

/s/CharlesBlackwell

Respectfully submitted,

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JOHN DOE**                                Case No. 24-cv-11106

    **Plaintiff,**                            Hon. Linda V. Parker

**vs.**

**UNIVERSITY OF DETROIT MERCY
SCHOOL OF DENISTRRY, and
UNIVERSITY OF DETROIT MERCY**

    **Defendants,**

_____

**BRIEF IN SUPPORT OF PROPOSED INTERVENORS' CHARLES
BLACKWELL MOTION TO INTERVENE**

3

**STATEMENT OF ISSUES PRESENTED**

Whether the proposed intervenor should be permitted to intervene permissively as a member of the public for the limited purpose of challenging Plaintiff's attempt to proceed in this case under a pseudonym in violation of the public's First Amendment and common law right to know a litigant's identity?

Proposed intervenor answers: Yes.

## CONTROLLING OR MOST APPROPIATE AUTHORITIES

- Fed. R. Civ. P. 24(b)

- Globe Newspapers Co. v. Superior Court, 457 U.S. 596 (1982)

- In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470 (6th Cir. 1983)

- Eugene Volokh, The Law of Pseudonymous Litigation, 73 Hastings L.J. 1353 (2022).

**TABLE OF CONTENT**

STATEMENT OF ISSUES PRESENTED ......................................... 4

TABLE OF AUTHORITIES ................................................................ 7

INTRODUCTION ............................................................................... 9

ARGUMENT .................................................................................... 11

I.     PROPOSED INTERVENOR SHOULD BE PERMISSIVELY
       PERMITTED TO INTERVENE IN THIS CASE FOR THE LIMITED
       PURPOSES OF CHALLENGING THE PLAINTIFF'S ATTEMPT TO
       USE AN PSEUDONYM IN VIOLATION OF THE PUBLIC'S FIRST
       AMENDMENT RIGHT OF ACCESS........................................... 12

II.    THE COURT SHOULD WAIVE THE REQUIREMENT OF AN
       ATTACHED PLEADING THAT IS REQUIRED BY FED. R. CIV. P.
       24(c)......................................................................................... 14

       CONCLUSION............................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

Beckman Indus., Inc. v. Int'l Ins. Co.,

   966 F.2d 470 (9th Cir. 1992) ................................................................ 13

Binh Hoa Le v. Exeter Fin. Corp.,

   990 F.3d 410 (5th Cir. 2021) ................................................................ 10

Doe v. Megless,

   654 F.3d 404 (3rd Cir. 2011) ............................................................... 11

Doe v. Public Citizen,

   749 F.3d 246 (4th Cir. 2014) ............................................................... 10

Does 1-6 v. Mills,

   Case no: 21-cv-00242-JDL, 2021 WL 6197377 (D. Maine. Dec. 30th.

   2021) ..................................................................................................... 13

Does I Thru XXIII v. Advanced Textile Corp.,

   214 F.3d 1058 (9th Cir. 2000) ............................................................. 11

Flynt v. Lombardi,

   782 F.3d 963 (8th Cir. 2015) ............................................................... 13

Globe Newspapers Co. v. Superior Court,

   457 U.S. 596 (1982) ............................................................................. 12

In re Knoxville News-Sentinel Co., Inc.,

   723 F.2d 470 (6th Cir. 1983) ..................................................................12

Pansy v. Borough of Stroudsburg,

   23 F.3d 772 (3rd Cir 1994)......................................................................13

Providence Baptist Church v. Hillandale Comm., Ltd.,

   425 F.3d 309 (6th Cir. 2005) ..................................................................15

Public Citizen v. Liggett Group, Inc.,

   858 F.2d 775 (1st Cir.1988) ...................................................................15

United States v. Criden,

   675 F.2d 550 (3rd Cir. 1982)....................................................................12

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 10(a) ................................................................................11

Fed. R. Civ. P. 17(a) ................................................................................11

Fed. R. Civ. P. 24(b) ................................................................................12

Fed. R. Civ. P. 24(c) ................................................................................14

**Law Review Articles**

Eugene Volokh, The Law of Pseudonymous Litigation,

   73 Hastings L.J. 1353 (2022) .................................................................11

## INTRODUCTION

Proposed intervenor, Charles Blackwell, is a local government watchdog. He frequently monitors court proceedings and seeks access to judicial records as well as municipal records through the Freedom of Information Act ("FOIA"). Just a week ago, on June 27th, 2024, he was referenced in a Detroit Free Press article regarding the recent proposed expansion of the Michigan Freedom of Information Act. See attached Exhibit A, pg. 2, ("Charles Blackwell, a 31-year-old Farmington Hills resident who is a frequent user of the Michigan FOIA as a local government watchdog in his spare time.").

Specifically, Mr. Blackwell wishes to file a public records request (FOIA) with the Baylor University Police Department to confirm the veracity of factual allegations made by Plaintiff John Doe that he has never been involved with a stalking or harassment incident at Baylor University. *See* Complaint, ECF No. 1, ¶ 40-47 (making factual allegations that he disclosed to Detroit Mercy Counselor about an incident that occurred at Baylor University in which he allegedly was falsely accused of stalking at Baylor). However, Mr. Blackwell cannot properly file a public records request with Baylor University Police Department without the Plaintiff's name.

9

As the Fifth Circuit has stated, "American courts are not private tribunals summoned to resolve disputes confidentially at taxpayer expense." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). The Plaintiff in this matter, proceeding as John Doe, cannot summon the Court to resolve a "breach of contract" cause of action with the University of Detroit Mercy confidentially at taxpayer expense.[1] After all, "[p]seudonymous litigation undermines the public's right of access to judicial proceedings. The public has an interest in knowing the names of the litigants and disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (cleaned up).

The public and the press have the First Amendment and common law right to know who is using the taxpayer funded Court system to make allegations against the University of Detroit Mercy. The general public, university alumni, donors, professors, students, and their parents all would have the public interest in ensuring that the University of Detroit Mercy is acting in accordance with its governing University handbook, state law, and federal law.

---

[1] The Complaint, ECF No. 1 at PageID.31, lists this as a breach of contract cause action.

10

**ARGUMENT**

Federal Rule of Civil Procedure 10(a) provides that "The title of the complaint must name all the parties," and Rule 17(a) provides that "An action must be prosecuted in the name of the real party in interest." See *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011) ("A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings.") (citing *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Esteemed First Amendment UCLA law professor Eugene Volokh has recently written a comprehensive law review article on the presumption that the public has the First Amendment and common law right to know litigants' identities. See Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1367-1368 (2022) (discussing the public's First Amendment and common law presumptive right to know a litigant's name).[2]

Since Plaintiff John Doe seeks to restrict the public's First Amendment and common law right to know his name, this Court must afford members of the public and press an opportunity to voice their objections to the

---

[2] Professor Volokh has blogged extensively about pseudonym ligation is his online blog *The Volokh Conspiracy*. See Eugene Volokh. *Why We Should Care About Pseudonymity in Litigation*, The Volokh Conspiracy (Aug. 23, 2023, 8:01 AM), https://reason.com/volokh/2023/08/23/why-we-should-care-about-pseudonymity-in-litigation/

infringement of these rights. Legal support for this proposition is discussed more fully below.

## I. PROPOSED INTERVENOR SHOULD BE PERMISSIVELY PERMITTED TO INTERVENE IN THIS CASE FOR THE LIMITED PURPOSES OF CHALLENGING THE PLAINTIFF'S ATTEMPT TO USE AN PSEUDONYM IN VIOLATION OF THE PUBLIC'S FIRST AMENDMENT RIGHT OF ACCESS.

As an initial matter, the Supreme Court has stated that "representatives of the press *and* general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspapers Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982). The way for Courts to allow the press and public their opportunity to be heard on the exclusion of a litigant's name pursuant to a pseudonym is to allow intervention so that the parties can brief the issue. The Sixth Court has long held that when the public's right of access is restricted that the Court "afford interested members of the public an opportunity to intervene and present their views to the court." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983) (quoting *United States v. Criden*, 675 F.2d 550, 559 (3rd Cir. 1982)).

Fed. R. Civ. P. 24(b) allows for permissive intervention under two circumstances:

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute;
or

(B) has a claim or defense that shares with the main action a
common question of law or fact.

When a third party seeks to intervene solely for limited purposes of
enforcing their First Amendment right to judicial records, proceedings, or
pseudonym orders they do "not need to demonstrate independent
jurisdiction or a common question of law or fact." *Beckman Indus., Inc. v. Int'l
Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (quoting Fed. R. Civ. P.
24(b)(1)(B)); *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (noting if
a party seeks "to intervene in a case for the limited purpose of unsealing
judicial records, most circuits have found that "there is no reason to require
such a strong nexus of fact or law."). The Third Circuit has squarely
addressed allowing intervention on this issue:

> We agree with other courts that have held that the
> procedural device of permissive intervention is
> appropriately used to enable a litigant who was not
> an original party to an action to challenge protective
> or confidentiality orders entered in that action.

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3rd Cir 1994) (collecting
cases); see also *Does 1-6 v. Mills*, case no: 21-cv-00242-JDL, 2021 WL
6197377, *1-2 (D. Maine. Dec. 30th. 2021) (granting members of the media

13

motion to intervene pursuant to Fed. R. Civ. P. 24(b) to challenge pseudonym order).

Furthermore, the motion to intervene is timely. First, the Court has not ruled on the Plaintiff's ex-parte motion to proceed under a pseudonym. *See* ECF No. 2. Therefore, proposed intervenor Blackwell's motion is timely. This motion would be timely even if this case were resolved and settled. See *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) ("[T]here is a growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated.") (citing *Pansy*, 23 F.3d at 779). Here, this case is barely getting started. The Complaint has been filed and the Defendant has not filed an answer or otherwise appeared in this action.

## II. THE COURT SHOULD WAIVE THE REQUIREMENT OF AN ATTACHED PLEADING THAT IS REQUIRED BY FED. R. CIV. P. 24(c).

The Court has the discretion (in special circumstances) to waive the requirements under Fed. R. Civ. P. 24(c) that the Movant attach a pleading to his motion to intervene. The Sixth Circuit "take[s] a lenient approach to the requirements of Rule 24(c)," especially where the non-movant identifies no "prejudice [that] would result from granting the motion to intervene despite the failure to attach a pleading" and where the parties are "on notice as to

14

[the movant's] positions and arguments." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314 (6th Cir. 2005)); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 784 (1st Cir.1988) (stating "other federal courts have been quite lenient in permitting participation by parties who failed to comply strictly with Rule 24.").

First, there is judicial economy in waiving this requirement. If Mr. Blackwell were to be required to attach and file a pleading, it would require the plaintiff and defendant to file a responsive pleading to such pleading. Which would illogical since the purpose of intervening in this case is for the limited purposes of challenging the ex-parte pseudonym motion. Second, the Plaintiff is on notice of the basic legal position and arguments that this case is about the public right of access under the First Amendment and common law. The parties would suffer no prejudice and can adequately defend against the motion to Intervene strictly based on the legal arguments presented in the motion.

## CONCLUSION

For the foregoing reasons, Proposed Intervenor respectfully requests that this Honorable Court grant his Motion to Intervene to afford him the opportunity to file a response brief in opposition to the Plaintiff's motion to proceed using a pseudonym.

15

/s/CharlesBlackwell

Dated July 1st, 2024.

Respectfully submitted,

By: /s/CharlesBlackwell
Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
C: (313) 739-3597
Email: cblack618@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was

served upon all parties and/or attorneys of record to the above cause herein

at their respective addresses as disclosed on the pleadings on July 1st,

2024, via:

_____ U.S. Mail                    _____ Facsimile

____X____ ECF/CM Filing               _____ Hand Delivery

_____ E-Mail                        _____ Federal Express

16

## INDEX OF EXHIBITS

**EXHIBIT A: June 27th, 2024, Detroit Free Press Article About Proposed Intervenor Charles Blackwell.**

**EXHIBIT A: June 27th, 2024, Detroit Free Press Article About Proposed**

**Intervenor Charles Blackwell.**

Detroit Free Press

POLITICS

# Michigan Senate votes overwhelmingly to extend FOIA law to governor and lawmakers



**Paul Egan**
Detroit Free Press
Published 7:13 a.m. ET June 27, 2024

LANSING — After years of inaction on increasing government transparency, the Michigan Senate made a significant move toward directing more sunshine inside the offices of governor and state lawmakers Wednesday, by voting overwhelmingly to make them subject to Michigan's open records law for the first time.

The bills now move to the House, which left for a summer break before taking them up. Still, passage of Michigan Freedom of Information Act changes in the Senate is significant, because that chamber has historically been the obstacle to expanding the reach of the open records law. Bills to extend FOIA to the governor and the Legislature have previously passed the House, only to languish in the Senate.

Senate Bills 669 and 670 passed the Senate by votes of 36-2, with only Senators Jon Bumstead, R-North Muskegon, and Jonathan Lindsey, R-Coldwater, voting no.

A 2014 survey by the Free Press found that Michigan was one of only two states where both the governor and the Legislature were exempt from open records laws.

Senators Jeremy Moss, D-Southfield, and Ed McBroom, R-Vulcan, put aside their partisan differences and worked for close to 10 years to advance the legislation. They worked with a diverse group of outside supporters, from the liberal ACLU of Michigan to the conservative Mackinac Center for Public Policy and the nonpartisan Michigan Press Association.

"It's very surreal to be here," Moss said in the Senate just ahead of the vote. "We've endured many naysayers," and "people who worked to make sure this day would never arrive."

Said McBroom: "I'm very proud ... to speak in support of this legislation."

The bills would expand Michigan FOIA to cover the governor, the lieutenant governor and the Legislature. All had been exempt since the original law passed in the 1970s.

The expansions come with new exemptions, such as records created before the bills took effect, records of the governor deemed subject to "executive privilege" or that were in the possession of the governor's

office for fewer than 30 days, and records of lawmakers' or the governor's communications with constituents, or those that relate to internal investigations.

Charles Blackwell, a 31-year-old Farmington Hills resident who is a frequent user of the Michigan FOIA as a local government watchdog in his spare time, said Wednesday he welcomes the breakthrough in Lansing and looks forward to approval of the bills by the state House.

"Michiganders have begged and waited for this moment long enough," Blackwell said in an email.

"Transparency about government officials is vital to holding public officials accountable, exposing corruption, and preventing injustice."

Many lawmakers said they voted in favor of the bills despite lingering concerns and said they hope to improve the new law in the future.

"We will finally deliver the transparency that our citizenry does deserve," said Senate Minority Leader Aric Nesbitt, R-Porter Township.

"We need a little more sunshine."

Earlier this year, Michigan lawmakers for the first time became subject to a law requiring personal financial disclosures. But that change was due to a constitutional amendment approved by Michigan voters in 2022, not an action lawmakers took on their own.

*Contact Paul Egan: 517-372-8660 or pegan@freepress.com. Follow him on X, @paulegan4.*