UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

     Plaintiff,

v.

UNIVERSITY OF DETROIT MERCY
SCHOOL OF DENTISTRY, and
UNIVERSITY OF DETROIT MERCY,

     Defendants.

Case No. 2:24-cv-11106
Hon. Linda V. Parker
Mag. Judge Curtis Ivy, Jr.

**DEFENDANTS' MOTION
TO DISMISS**

**Andrew T. Miltenberg**
NESENOFF & MILTENBERG, LLP
(*Pro Hac Vice* Forthcoming)
363 Seventh Avenue, Fifth Floor
New York NY  10001
(212) 736-4500
amiltenberg@nmllplaw.com
*Attorneys for Plaintiff*


**Tara J. Davis**
(*Pro Hac Vice* Forthcoming)
**Regina M. Federico**
(*Pro Hac Vice* Forthcoming)
**Julie A. Sacks**
(*Pro Hac Vice* Forthcoming)
101 Federal Street, Nineteenth Floor
Boston, MA  02110
(617) 209-2188
tdavis@nmllplaw.com
rfederico@nmllplaw.com
jsacks@nmllplaw.com
*Attorneys for Plaintiff*

**Carey A. DeWitt (P36718)**
**Blake C. Padget (P82978)**
BUTZEL LONG, a professional
corporation
201 W. Big Beaver Road, Suite 1200
Troy MI  48084
(248) 258.1616
dewitt@butzel.com
padget@butzel.com
*Attorneys for Defendants*


**Brian E. Koncius**
BOGAS & KONCIUS P.C.
Brian E. Koncius
31700 Telegraph Road, Suite 160
Bingham Farms, Michigan 48025
(248) 502-5000
bkoncius@kbogaslaw.com
*Attorneys for Plaintiff*

Defendants, University of Detroit Mercy School of Dentistry and University of Detroit Mercy ("Defendants"), by their attorneys, Butzel Long, move this Court for an Order dismissing Plaintiff's Complaint [ECF No. 1] in its entirety with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants rely upon the facts and legal argument set forth in the accompanying Brief in support of this Motion.

There was a conference via phone between attorneys on July 3, 2024, in which the movants explained the nature of the motion and request for relief and its legal basis and requested but did not obtain concurrence in the relief sought.

**WHEREFORE,** Defendants move this Court for an Order dismissing Plaintiff's Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and awarding it the costs and fees it incurred in defending this matter.

Respectfully submitted,

Butzel Long, a professional corporation

/s/  Blake C. Padget
Carey A. DeWitt (P36718)
Blake C. Padget (P82978)
201 W. Big Beaver Road, Suite 1200
Troy, MI  48084
(248) 258-1616
dewitt@butzel.com
padget@butzel.com
Attorneys for Defendants

Dated:   July 5, 2024

IBUTZEL\000091075\0183\101251199.v2-7/5/24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

     Plaintiff,

v.

UNIVERSITY OF DETROIT MERCY
SCHOOL OF DENTISTRY, and
UNIVERSITY OF DETROIT MERCY,

     Defendants.

Case No. 2:24-cv-11106
Hon. Linda V. Parker
Mag. Judge Curtis Ivy, Jr.

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION
TO DISMISS**

| | |
|---|---|
| **Andrew T. Miltenberg**<br>NESENOFF & MILTENBERG, LLP<br>(*Pro Hac Vice* Forthcoming)<br>363 Seventh Avenue, Fifth Floor<br>New York NY  10001<br>(212) 736-4500<br>amiltenberg@nmllplaw.com<br>*Attorneys for Plaintiff* | **Carey A. DeWitt (P36718)**<br>**Blake C. Padget (P82978)**<br>BUTZEL LONG, a professional corporation<br>201 W. Big Beaver Road, Suite 1200<br>Troy MI  48084<br>(248) 258.1616<br>dewitt@butzel.com<br>padget@butzel.com<br>*Attorneys for Defendants* |
| **Tara J. Davis**<br>(*Pro Hac Vice* Forthcoming)<br>**Regina M. Federico**<br>(*Pro Hac Vice* Forthcoming)<br>**Julie A. Sacks**<br>(*Pro Hac Vice* Forthcoming)<br>101 Federal Street, Nineteenth Floor<br>Boston, MA  02110<br>(617) 209-2188<br>tdavis@nmllplaw.com<br>rfederico@nmllplaw.com<br>jsacks@nmllplaw.com<br>*Attorneys for Plaintiff* | **Brian E. Koncius**<br>BOGAS & KONCIUS P.C.<br>Brian E. Koncius<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, Michigan 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com<br>*Attorneys for Plaintiff* |

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................i

STATEMENT OF ISSUE PRESENTED................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................iv

INTRODUCTION ...................................................................................1

STATEMENT OF FACTS ........................................................................2

ARGUMENT ..........................................................................................4

    A.    STANDARD OF REVIEW ..................................................4

    B.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED ................................5

        1.    Plaintiff's breach of contract claim fails because Michigan law does not recognize contract claims between students and universities and the Handbook states it does not constitute an "express or implied contract." ..............................5

        2.    Plaintiff's second claim fails because Michigan law does not recognize an independent claim for breach of the covenant of good faith and fair dealing. ...................................8

        3.    Plaintiff's final claim fails because there is no claim for arbitrary dismissal from an institution of higher education under Michigan law, and even if there is, Plaintiff has failed to plead a viable claim. ....................................................9

CONCLUSION ....................................................................................13

CERTIFICATE OF SERVICE ...............................................................13

# INDEX OF AUTHORITIES

Cases

*Amaya v Mott Community College*,
1997 Mich. App. LEXIS 3817 (Mich. Ct. App. March 7, 1997) .............. iv, 7, 10

*Belle Isle Grill Corp. v. Detroit*,
256 Mich. App. 463 (2003) ........................................................... iv, 8

*Bishop v. Lucent Tech., Inc.*,
520 F.3d 516 (6th Cir. 2008) .......................................................... iv, 4

*Booker v. Grand Rapids Medical College*,
156 Mich. 95; 120 N.W. 589 (1909) ....................................... 9, 10, 11

*Carlton v. Trustees of Univ. of Detroit Mercy*,
2002 Mich. App. LEXIS 512 (Mich. Ct. App. Apr. 9, 2002) .................. 9, 10, 11

*Cuddihy v. Wayne State Univ. Bd of Governors*,
163 Mich. App. 153; 413 N.W.2d 692 (1987) ......................... iv, 6, 10

*Fodale v. Waste Mgt. of Michigan, Inc.*,
271 Mich. App. 11 (2006) .............................................................. iv, 8

*Ghoshal v. Thomas M. Cooley Law Sch.*,
2012 U.S. Dist. LEXIS 29331 (W.D. Mich. 2012) ........................... iv, 11, 12, 13

*Hammond v. United of Oakland*,
193 Mich. App. 146, 152 (1992)……………………………………………8

*Heurtebise v. Reliable Business Computers, Inc.*,
550 N.W.2d 243 (Mich. 1996) ........................................................6, 7

*In re Pendleton*,
2008 Mich. App. LEXIS 320
(Mich. Ct. App., Feb. 14, 2008) ......................................................11

*Lee v. Univ. of Mich.*,
2009 Mich. App. LEXIS 1007 (Mich. Ct. App. May 12, 2009) ............... iv, 6, 10

IBUTZEL\000091075\0183\101251199.v2-7/5/24

*McLaughlin v. CNX Gas Co.*, LLC,
  639 Fed. Appx. 296 (6th Cir. 2016) ................................................................. iv, 5

*Miller–Davis Co. v. Ahrens Const., Inc.*,
  495 Mich. 161, 848 N.W.2d 95 (2014) ................................................................5

*Simmons v. Bd. of Trs. of N. Mich. Univ.*,
  2020 Mich. Ct. Cl. LEXIS 11 (2020) ..................................................................6

*Ulrich v. Federal Land Bank*,
  192 Mich. App. 194, 480 N.W.2d 910 (1991) ....................................................8

*Weiner v. Klais & Co.*,
  108 F.3d 86 (6th Cir. 1997) ................................................................................5

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.*,
  413 F.3d 553 (6th Cir. 2005) ......................................................................... iv, 4

Rules

Fed. R. Civ. P. 12(b)(6) ................................................................. iv, 4, 8, 11, 12, 13

Fed. R. Civ. P. 12(d) ...............................................................................................4

ii

## STATEMENT OF ISSUE PRESENTED

I.    Whether Plaintiff's breach of contract claim must be dismissed where the student handbook expressly disclaims that it creates a contract and Michigan law does not recognize contract claims based on student handbooks?

Defendants Answer:  Yes.

II.    Whether Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed where Michigan law does not recognize such a claim?

Defendants Answer:  Yes.

III.    Whether Plaintiff's claim for breach of implied understanding precluding arbitrary dismissal from a degree program must be dismissed as no such claim exists under Michigan law and even if such a claim did exist, Plaintiff has failed to state a claim that is plausible on its face?

Defendants Answer:  Yes.

IBUTZEL\000091075\0183\101251199.v2-7/5/24

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Motion to Dismiss**

- Fed. R. Civ. P. 12(b)(6).

- *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516 (6th Cir. 2008).

- The Court may consider materials that are integral to the complaint without converting a motion to dismiss into a motion for summary judgment. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005); *McLaughlin v. CNX Gas Co.*, LLC, 639 Fed. Appx. 296 (6th Cir. 2016).

**Breach of Contract**

- Contract law does not apply to the student-university relationship. *Cuddihy v. Wayne State Univ. Bd of Governors*, 163 Mich. App. 153; 413 N.W.2d 692 (1987); *Lee v. Univ. of Mich.*, 2009 Mich. App. LEXIS 1007 (2009).

- Barring a breach of contract claim based on a student handbook where the handbook disclaims any contractual relationship. *Amaya v Mott Community College*, 1997 Mich. App. LEXIS 3817 (March 7, 1997).

**Implied Covenant of Good Faith and Fair Dealing**

- There is no independent claim under Michigan law for breach of the covenant of good faith and fair dealing. *Fodale v. Waste Mgt. of Michigan, Inc.*, 271 Mich. App. 11 (2006); *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463 (2003).

**Arbitrary Dismissal**

- Michigan law does not recognize a claim for a student's dismissal simply by virtue of the student enrolling and paying tuition. *Cuddihy v. Wayne State University*, 163 Mich. App. 153; 413 NW2d 692 (1987).

- Failure to state a claim for arbitrary dismissal under Fed. R. Civ. P. 12(b)(6) where the plaintiff's allegations showed dismissal from school was not arbitrary or capricious. *Ghoshal v. Thomas M. Cooley Law Sch.*, 2012 U.S. Dist. LEXIS 29331 (W.D. Mich. 2012).

iv

## INTRODUCTION

Plaintiff is a former student at the University of Detroit Mercy School of Dentistry. In the fall of 2018, the School of Dentistry issued a no-contact order to Plaintiff that required him to avoid contacting a female student. In December 2018, the School of Dentistry placed Plaintiff on leave given alleged violations of the no-contact order and Plaintiff exhibiting unusual behaviors. Plaintiff subsequently admitted to violating the no-contact order. After considering the evidence, consulting with faculty, and reviewing Plaintiff's correspondence about the allegations, the School of Dentistry dismissed Plaintiff as a student. The School of Dentistry provided Plaintiff with an opportunity to appeal that dismissal, but the appeal was ultimately denied.

Now, five years after his dismissal, Plaintiff brings claims against the School of Dentistry and the University of Detroit Mercy. Rather than accept the thorough and fair review process utilized by Defendants, Plaintiff is now attempting to undo his dismissal. In attempting to do so, Plaintiff seeks to enforce the student Handbook as a contract with Defendants. Yet, the Handbook states it is not a contract and Michigan law does not recognize contract claims based on a student Handbook. Nor does Michigan law recognize Plaintiff's second claim, *i.e.,* breach of the covenant of good faith and fair dealing. Like his other claims, Plaintiff's claim for arbitrary dismissal is improper under Michigan law. Even if a claim for arbitrary dismissal

does exist under Michigan law, Plaintiff's allegation are insufficient to state such a claim. As a result, Plaintiff's Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS[1]

Defendant, University of Detroit Mercy ("UDM"), is a private non-profit university. (ECF No. 1, PageID.2, ¶ 7). Defendant, University of Detroit Mercy School of Dentistry ("UDM-SOD"), is the school of dentistry within the University. (ECF No. 1, PageID.2, ¶ 9). UDM and UDM-SOD (collectively "Defendants") are both located in Detroit, Michigan. (ECF No. 1, PageID.2, ¶¶ 7 & 9). Plaintiff, John Doe, was enrolled at the UDM-SOD from fall of 2016 to February 2019 in the Doctor of Dental Surgery program. (ECF No. 1, PageID.3, ¶ 15). At all relevant times, the UDM-SOD had in place an "Academic Policies Handbook" (the "Handbook") which contained the relevant academic policies for pre-doctoral students enrolled in the UDM-SOD. (ECF No. 1, PageID.3, ¶ 16). The Handbook, which is cited throughout Plaintiff's Complaint, contains an "Introduction" section. (**Exhibit 1**). The Introduction provides "[t]his Handbook does not constitute an 'express or implied contract' with students or residents." (Ex. 1, pg. 8).

---

[1] Defendants disagree with many of the allegations in Plaintiff's Complaint. For purposes of this Motion to Dismiss only, Defendants will accept all the well-pleaded factual allegations as true.

On November 14, 2018, the UDM-SOD issued a No Contact Order ("NCO") between Plaintiff and a female student at the UDM-SOD. (ECF No. 1, PageID.8, ¶ 51). On December 24, 2018, UDM-SOD placed Plaintiff on an involuntary leave of absence due to alleged violations of the NCO and Plaintiff's unusual behaviors. (ECF No. 1, PageID.15, ¶ 109). Plaintiff responded to this letter with a letter of his own, where he pleaded his case and admitted to violating the NCO as alleged by the UDM-SOD. (ECF No. 1, PageID.17, ¶¶ 118-19). Plaintiff submitted additional letters on January 10 and January 17, 2019. (ECF No. 1, PageID.17 & 19, ¶¶ 120 & 135). Plaintiff was dismissed from the UDM-SOD on January 18, 2019. (ECF No. 1, PageID.20, ¶ 138). As noted in the January 18 dismissal letter, the UDM-SOD, through Dean Mert N. Aksu, reviewed the circumstances surrounding Plaintiff's leave, consulted with appropriate individuals, and reviewed Plaintiff's most recent correspondence. (**Exhibit 2**).[2]

Plaintiff sought reconsideration of his dismissal. (ECF No. 1, PageID.20, ¶ 139). In response, the UDM-SOD appointed an Appeals Review Committee to consider Plaintiff's request for an appeal. (ECF No. 1, PageID.20, ¶ 143). The chair of the Appeals Review Committee reviewed the situation and denied Plaintiff's

---

[2] Like the Handbook, the dismissal letter is incorporated into Plaintiff's Complaint and is an integral part of Plaintiff's claims that he was wrongly dismissed from the UDM-SOD. Plaintiff even quotes portions of the dismissal letter in paragraph 138 of his Complaint. (ECF No. 1, PageID.20, ¶ 138).

IBUTZEL\000091075\0183\101251199.v2-7/5/24

request for an appeal hearing. (ECF No. 1, PageID.21, ¶ 146). Plaintiff filed this lawsuit five years later. (ECF No. 1).

## ARGUMENT

### A.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a case when a plaintiff has failed to state a claim upon which relief can be granted. In ruling on a motion to dismiss, a court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Bishop v. Lucent Tech., Inc*., 520 F.3d 516, 519 (6th Cir. 2008). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

When deciding a motion to dismiss, a court ordinarily cannot consider evidence outside the pleadings. Fed. R. Civ. P. 12(d). However, a Court considering a motion to dismiss "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). In such situations, the Court may consider the documents a defendant attaches to a motion to dismiss that "'are referred to in the plaintiff's complaint and are central to her claims' without converting the motion to one for summary judgment."

*McLaughlin v. CNX Gas Co., LLC*, 639 Fed. Appx. 296, 298 (6th Cir. 2016) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). While not attached to Plaintiff's Complaint, the Handbook is cited throughout the Complaint and is at the heart of Plaintiff's claims. The dismissal letter is likewise integral to Plaintiff's Complaint. Plaintiff quotes the dismissal letter in his Complaint and all of Plaintiff's claims stem from his dismissal from the School of Dentistry. Therefore, this Court can consider Defendants' student Handbook and the January 18, 2019 dismissal letter without converting Defendants' Motion to Dismiss into a Motion for Summary Judgment.

> **B.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**
>
> **1.    Plaintiff's breach of contract claim fails because Michigan law does not recognize contract claims between students and universities and the Handbook states it does not constitute an "express or implied contract."**

To succeed on his breach of contract claim, Plaintiff must show by that "(1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller–Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 848 N.W.2d 95, 104 (2014). However, Michigan law is quite clear that a student handbook does not constitute a contract. "Courts have declined to strictly apply contract law in the context of student-university relationships and claims that a contract exists between the university and the student have repeatedly failed." *Lee v. Univ. of Mich.*, 2009 Mich. App. LEXIS 1007, *5-6 (Mich. Ct. App. May 12,

IBUTZEL\000091075\0183\101251199.v2-7/5/24

2009).[3] In fact, "[t]he Court of Appeals has rejected the contention that student handbooks, codes, or other informational materials or brochures create a contract, express or otherwise, between a university and student." *Simmons v. Bd. of Trs. of N. Mich. Univ.*, 2020 Mich. Ct. Cl. LEXIS 11, *9 (2020) (citing *Cuddihy v Wayne State Univ Bd of Governors*, 163 Mich App 153, 157-158; 413 NW2d 692 (1987). Under Michigan law, the UDM-SOD Handbook cannot be the basis of Plaintiff's contract claim as a matter of law.

Even if the Handbook could form a contract, which it cannot under Michigan law, Plaintiff's breach of contract claim still fails. The Handbook states it "does not constitute an 'express or implied contract' with students or residents." (Ex. 1, pg. 8). This is similar to the issue of employee handbooks under Michigan law. The Michigan Supreme Court's decision in *Heurtebise v. Reliable Business Computers, Inc.*, 550 N.W.2d 243 (Mich. 1996), is directly on point. In *Heurtebise*, a plaintiff sued her former employer and claimed that she had been "unlawfully terminated from her job" in violation of the Michigan Civil Rights Act. *Id.* at 245. Her employer then moved to dismiss and compel arbitration based on an arbitration agreement included in the company's handbook. *See id.* The employer argued that the plaintiff

---

[3] All unpublished opinions are attached hereto as **Exhibit 3**.

IBUTZEL\000091075\0183\101251199.v2-7/5/24

had "received" the handbook and had "agreed to be bound by [the handbook's] terms and policies." *Id.*

The Michigan Supreme Court concluded that the handbook failed to create an enforceable agreement between the plaintiff and her employer. The *Heurtebise* court relied on the plain language that stated: "[i]t is important to recognize and clarify that the Policies specified herein do not create any employment or personal contract, express or implied, nor is it intended or expected that the information provided in this document will provide sufficient detail to answer all questions which may arise." *Id.* at 247 (emphasis removed). Indeed, this same line of thinking has been applied in the context of student handbooks on at least one occasion. *See Amaya v Mott Community College*, 1997 Mich App LEXIS 3817 (Mich. Ct. App. March 7, 1997) ("Even if our state law recognized the relationship between students and colleges as contractual, and we hold that it does not, defendant's disclaimers [that the catalogue was not a contract] negate the existence of an implied or express contract.").

Simply put, Plaintiff's breach of contract claim fails because Michigan law does not recognize a breach of contract claim based on a student handbook and the Handbook expressly disclaims the formation of a contract between Defendants and Plaintiff.

**2.    Plaintiff's second claim fails because Michigan law does not recognize an independent claim for breach of the covenant of good faith and fair dealing.**

Unlike some other jurisdictions, "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgt. of Michigan, Inc.,* 271 Mich. App. 11, 35 (2006) (finding that plaintiff's claims for breach of implied covenant for good faith and fair dealing failed as a matter of law because Michigan common law does not recognize such a cause of action and, therefore, plaintiff's claims were properly dismissed); *see also Belle Isle Grill Corp. v. Detroit,* 256 Mich. App. 463, 476 (2003); *Ulrich v. Federal Land Bank*, 192 Mich. App. 194, 197, 480 N.W.2d 910 (1991) ("Michigan does not recognize an independent tort action for an alleged breach of a contract's implied covenant of good faith and fair dealing.").

Even if Plaintiff could bring a claim for the breach of covenant of good faith and fair dealing, the claim would still fail given that there is no contract here. The "covenant of good faith and fair dealing" is an implied promise of a contract. *Hammond v. United of Oakland*, 193 Mich. App. 146, 152 (1992). Yet, there is no contract between Plaintiff and Defendants. As noted above, the Handbook disclaims any contractual relationship. (Ex. 1, pg. 8). Without a contract, there is no covenant of good faith and fair dealing between Plaintiff and Defendants.

Plaintiff's Complaint improperly asserts a non-viable claim for breach of the covenant of good faith and fair dealing. (ECF No. 1, PageID.35-36, ¶¶ 213-18). Because Michigan does not recognize an independent cause of action for breach of covenant of good faith and fair dealing and given that there is no contract between Plaintiff and Defendants, Plaintiff's claim fails as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6).

**3. Plaintiff's final claim fails because there is no claim for arbitrary dismissal from an institution of higher education under Michigan law, and even if there is, Plaintiff has failed to plead a viable claim.**

Plaintiff attempts to establish a claim for arbitrary dismissal by citing to a Michigan Supreme Court case from the turn of the previous century. *Booker v. Grand Rapids Medical College*, 156 Mich. 95; 120 N.W. 589 (1909) is an extremely old race discrimination decision, whose principal holding was completely unrelated to the issue of arbitrary dismissal from a college or university. In that case, the Michigan Supreme Court stated that when a student is admitted to college, there is an implied understanding that the student not be arbitrarily dismissed. *Id.* at 99-100. *Booker* has not been cited by a published Michigan court of appeals decision in the last 115 years for the proposition on which Plaintiff uses it in this case. Plaintiff's claim for arbitrary dismissal fails for a few reasons.

First, the cases on which Plaintiff relies for his novel claim, *Booker* and *Carlton v. Trustees of Univ. of Detroit Mercy*, 2002 Mich. App. LEXIS 512 (Mich.

Ct. App. Apr. 9, 2002), are based on a faulty assumption of Michigan law. *Booker* and *Carlton* rest on the assumption that there is an implied contractual right that gives students, such as Plaintiff, the right to continue with their education without arbitrary dismissal. But as noted above, "[c]ourts have declined to strictly apply contract law in the context of student-university relationships and **claims that a contract exists between the university and the student have repeatedly failed**." *Lee v. Univ. of Mich.*, 2009 Mich. App. LEXIS 1007, *5-6 (Mich. Ct. App. May 12, 2009) (emphasis added); *see also Amaya*, 1997 Mich App LEXIS 3817 (March 7, 1997) (holding that Michigan law does not recognize the relationship between students and colleges as contractual).

In *Cuddihy v Wayne State University*, 163 Mich. App. 153; 413 N.W.2d 692 (1987), a graduate student in the special education program at the university was dismissed. The Michigan Court of Appeals dismissed her claim for injunctive relief for reinstatement in the program and certification, finding that the plaintiff student did not have a cause of action for promissory estoppel. The court noted "[i]t is unlikely that a graduate student believed that merely by paying her tuition fees she was entitled to graduate with a masters degree." *Id.* at 158. That is precisely the nature of Plaintiff's claim here. Plaintiff seeks to enforce his right to graduate from the UDM-SOD simply by virtue of enrolling and paying tuition. Under Michigan law, including *Cuddihy*, Plaintiff cannot bring a claim for arbitrary dismissal.

Second, *Booker* and *Carlton* cannot apply here where Defendants' Handbook disclaims any contractual relationship. As noted above, *Booker* and *Carlton* rest on the assumption that there is an *implied contractual* right barring a student's arbitrary dismissal. Yet, Defendants' student Handbook states, "[t]his Handbook does not constitute an 'express or *implied contract*' with students or residents." (Ex. 1, pg. 8) (emphasis added). Given such clear language, the logic of *Booker* and *Carlton* does not apply here. Unlike the students in *Booker* and *Carlton*, Plaintiff's enrollment was governed by a student handbook that disclaimed any contractual relationship. This disclaimer in Defendants' student Handbook bars Plaintiff's claim for arbitrary dismissal based on an implied contract.

Lastly, to the extent Plaintiff's claim for arbitrary dismissal does exist, Plaintiff's allegations are still insufficient as a matter of law. The Western District of Michigan was faced with a similar issue in *Ghoshal v. Thomas M. Cooley Law Sch.*, 2012 U.S. Dist. LEXIS 29331 (W.D. Mich. 2012). As noted in *Ghoshal*, "[t]he standard for evaluating whether conduct is arbitrary and capricious is well-defined under Michigan law. *Id.* at *8. Under Michigan law, "[a]rbitary is defined as "'without adequate determining principle . . . fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance . . . decisive but unreasoned.'" *Id.* (quoting *In re Pendleton*, 2008 Mich. App. LEXIS 320, 2008 WL 400694 at *1 (Mich. Ct.

11

App., Feb. 14, 2008)). In *Ghoshal*, the court noted the plaintiff's complaint included allegations that the plaintiff was dismissed only after an investigation, evidentiary hearing, and several levels of review and consideration. *Id.* at*8-9. As such, the court found the plaintiff failed to state a claim that is "plausible on its face" and dismissed the claim pursuant to Fed. R. Civ. P. 12(b)(6). A similar analysis reveals Plaintiff's claims should be dismissed here.

As alleged by Plaintiff, Defendants provided Plaintiff a letter placing him on indefinite leave and notifying him of his alleged violations and allowed Plaintiff to submit several response letters, including one where he admitted to the misconduct alleged. (ECF No. 1, PageID.15 17, 19, ¶¶ 109, 118, 120, and 135). The School of Dentistry dismissed Plaintiff only after reviewing the circumstances surrounding Plaintiff's leave, consulting with appropriate individuals, and reviewing Plaintiff's most recent correspondence. (ECF No. 1, PageID.20, ¶138; Exhibit 2). When Plaintiff challenged his dismissal, the UDM-SOD appointed an Appeals Review Committee to consider Plaintiff's appeal. (ECF No. 1, PageID.20, ¶ 143). The chair of the Appeals Review Committee reviewed the situation and denied Plaintiff's request for an appeal hearing. (ECF No. 1, PageID.21, ¶ 146). Even when viewing these allegations in a light most favorable to Plaintiff, he has failed to plead a plausible claim on its face, *i.e.*, allege that Defendants acted in an arbitrary manner

in dismissing him from the UDM-SOD. Per *Ghoshal*, Plaintiff's claim for arbitrary

dismissal should be dismissed as a matter of law under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For each of the foregoing reasons, Defendants' Motion to Dismiss pursuant to

Fed. R. Civ. P. 12(b)(6) should be granted and Plaintiff's Complaint should be

dismissed in its entirety.

Respectfully submitted,

Butzel Long, a professional corporation

*/s/* Blake C. Padget_____
Carey A. DeWitt (P36718)
Blake C. Padget (P82978)
200 Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 258-1616
dewitt@butzel.com
padget@butzel.com
*Attorneys for Defendants*

Dated: July 5, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I caused the foregoing documents to be
electronically filed with the Clerk of the Court using the ECF System, which will
send notification of such filing to all counsel of record.

*/s/ Blake C. Padget*_____
Blake C. Padget (P82978)

13