IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**  Case No. 24-cv-11106

    **Plaintiff,**  Hon. Linda V. Parker

vs.

**UNIVERSITY OF DETROIT MERCY**
**SCHOOL OF DENISTRY, and**
**UNIVERSITY OF DETROIT MERCY**

    **Defendants,**

---

**PROPOSED INTERVENOR'S REPLY IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSES OF CHALLENGING THE PLAINTIFF'S USE OF A PSEUDONYM**

---

Proposed Intervenor, Charles Blackwell, respectfully submits this Reply Memorandum in Support of his Motion to Intervene. (ECF No. 8).

I.  **Plaintiff John Does Fails to Address the Question Before the Court at This Time**.

Proposed Intervenor Blackwell's Motion to Intervene distinctly states that the state of issue presented to the Court, at this particular time, is simply only whether he should be allowed to intervene for the purposes of challenging the Plaintiffs' pseudonym usage. (ECF No. 8, PageID.69)

1

(statement of issue presented to court section of brief).  Furthermore, the conclusion section of the motion to intervene states:

> Proposed Intervenor respectfully requests that this Honorable Court <u>grant his motion to intervene</u> <u>to afford him the opportunity to file a response brief in opposition to the Plaintiff's motion to proceed using a pseudonym</u>.

(ECF No. 8 at PageID.80).

In short, the motion to intervene is simply only to allow the proposed intervenor as a member of the public into the case to argue his objections. (ECF No. 8, PageID.77).  Once allowed into the case, the Movant would then file a substantive responsive brief in opposition to the Plaintiffs' motion for a protective order.  (ECF No. 2).

Plaintiff John Doe's response brief completely misses the mark.  (ECF No. 11). In his response brief, he completely fails to address the sole questions before the Court: Whether the Movant should be permissively permitted to intervene in this case for the sole purposes of challenging the pseudonym use in violation of the public's First Amendment right.  Instead, Plaintiff Doe's response brief completely jumps over the intervene issue (procedural issue) and directly delves into substantive arguments on the usage of the pseudonym. (ECF No. 11, PageID.327-331).  This Court should deem Plaintiff Doe's failure to address the question before the Court as a concession.  *See Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531

F. App'x 567, 569 (6th Cir. 2013) (failure to respond to argument raised in motion constitutes a waiver of that claim); *See also Blankenship v. Necco, LLC*, No.: 2:16 cv-12082, 2018 WL 3581092, at *9 (S.D. W. Va. July 25, 2018) ("The failure to respond to argument raised in a motion . . . can indicate that the non-moving party concedes the point or abandons the claim.")

## CONCLUSION

Proposed Intervenor Charles Blackwell respectfully requests that the Court grant his Motion to Intervene for the limited purposes of challenging the Plaintiffs' usage of a pseudonym.

/s/CharlesBlackwell

Respectfully submitted,

By: /s/CharlesBlackwell
Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
C: (313) 739-3597
Email: cblack618@gmail.com

Dated: July 15th, 2024

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 15th, 2024, via:

| | | | |
|---|---|---|---|
| _____ | U.S. Mail | _____ | Facsimile |
| ___X____ | ECF/CM Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |