# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF DETROIT MERCY
SCHOOL OF DENTISTRY, and
UNIVERSITY OF DETROIT MERCY,

    Defendants.

Case No. 2:24-cv-11106

Hon. Linda V. Parker
Mag. Judge Curtis Ivy, Jr.

| | |
|---|---|
| **Andrew T. Miltenberg**<br>NESENOFF & MILTENBERG, LLP<br>(*Pro Hac Vice* Forthcoming)<br>363 Seventh Avenue, Fifth Floor<br>New York NY 10001<br>(212) 736-4500<br>amiltenberg@nmllplaw.com<br>*Attorneys for Plaintiff*<br><br>**Tara J. Davis**<br>(*Pro Hac Vice* Forthcoming)<br>**Regina M. Federico**<br>(*Pro Hac Vice* Forthcoming)<br>**Julie A. Sacks**<br>(*Pro Hac Vice* Forthcoming)<br>101 Federal Street, Nineteenth Floor<br>Boston, MA 02110<br>(617) 209-2188<br>tdavis@nmllplaw.com<br>rfederico@nmllplaw.com<br>jsacks@nmllplaw.com<br>*Attorneys for Plaintiff* | **Carey A. DeWitt (P36718)**<br>**Blake C. Padget (P82978)**<br>BUTZEL LONG, a professional corporation<br>201 W. Big Beaver Road, Suite 1200<br>Troy MI 48084<br>(248) 258.1616<br>dewitt@butzel.com<br>padget@butzel.com<br>*Attorneys for Defendants*<br><br>**Brian E. Koncius**<br>BOGAS & KONCIUS P.C.<br>Brian E. Koncius<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, Michigan 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com<br>*Attorneys for Plaintiff* |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

NOW COMES Defendants, University of Detroit Mercy School of Dentistry and University of Detroit Mercy ("Defendants"), by their attorneys, Butzel Long, and for their Response in Opposition to Plaintiff's Ex Parte Motion To Proceed Under a Pseudonym, state as follows:

1. Defendants take no position on Plaintiff's request to proceed under a pseudonym.

2. Defendants urge this Court to allow non-party Jane Roe to proceed under a pseudonym regardless of the outcome of Plaintiff's motion as there is no legitimate reason for Jane Roe's identity to be disclosed.

WHEREFORE, Defendants respectfully request that this Court permit Jane Roe to remain anonymous regardless of this Court's decision on Plaintiff's motion to proceed under a pseudonym.

Respectfully submitted,
Butzel Long, a professional corporation

/s/ Blake C. Padget
Carey A. DeWitt (P36718)
Blake C. Padget (P82978)
201 W. Big Beaver Road, Suite 1200
Troy, MI  48084
(248) 258-1616
dewitt@butzel.com
padget@butzel.com
*Attorneys for Defendants*

Dated:   July 24, 2024

ii

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.                                                                          Case No. 2:24-cv-11106

UNIVERSITY OF DETROIT MERCY                          Hon. Linda V. Parker
SCHOOL OF DENTISTRY, and                                 Mag. Judge Curtis Ivy, Jr.
UNIVERSITY OF DETROIT MERCY,

    Defendants.

| | |
|---|---|
| **Andrew T. Miltenberg**<br>NESENOFF & MILTENBERG, LLP<br>(*Pro Hac Vice* Forthcoming)<br>363 Seventh Avenue, Fifth Floor<br>New York NY 10001<br>(212) 736-4500<br>amiltenberg@nmllplaw.com<br>*Attorneys for Plaintiff*<br><br>**Tara J. Davis**<br>(*Pro Hac Vice* Forthcoming)<br>**Regina M. Federico**<br>(*Pro Hac Vice* Forthcoming)<br>**Julie A. Sacks**<br>(*Pro Hac Vice* Forthcoming)<br>101 Federal Street, Nineteenth Floor<br>Boston, MA 02110<br>(617) 209-2188<br>tdavis@nmllplaw.com<br>rfederico@nmllplaw.com<br>jsacks@nmllplaw.com<br>*Attorneys for Plaintiff* | **Carey A. DeWitt (P36718)**<br>**Blake C. Padget (P82978)**<br>BUTZEL LONG, a professional corporation<br>201 W. Big Beaver Road, Suite 1200<br>Troy MI 48084<br>(248) 258.1616<br>dewitt@butzel.com<br>padget@butzel.com<br>*Attorneys for Defendants*<br><br>**Brian E. Koncius**<br>BOGAS & KONCIUS P.C.<br>Brian E. Koncius<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, Michigan 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com<br>*Attorneys for Plaintiff* |

# DEFENDANTS' BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

## CONCISE STATEMENT OF ISSUES PRESENTED

I. Whether Plaintiff's motion to proceed under a pseudonym should be granted where the Plaintiff is challenging his dismissal after admitting to misconduct?

   Plaintiff's Answer: Yes

   Defendants' Answer:  No position.

II. Whether Jane Roe should remain anonymous regardless of the outcome of Plaintiff's motion to proceed under a pseudonym where there is no legitimate reason to publicly disclose Jane Roe's identity?

   Plaintiff's Answer: Unknown

   Defendants' Answer:  Yes.

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

## **Proceeding Under A Pseudonym**

- Fed. R. Civ. P. 10(a)

- In determining whether a plaintiff's privacy interest substantially outweigh the presumption of open judicial proceedings, the court considers (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004).

## **Anonymity for Non-Party Victim**

- A non-party victim may remain anonymous even where the Plaintiff may not proceed under a pseudonym. *Kikuchi v. Perry*, No. 16-11182, 2017 U.S. Dist. LEXIS 12904 (E.D. Mich. Jan. 31, 2017).

# TABLE OF CONTENTS

**CONCISE STATEMENT OF ISSUES PRESENTED** ............................................................. iv

**INDEX OF AUTHORITIES** ................................................................................................ vii

**INTRODUCTION** .................................................................................................................1

**ARGUMENT** ........................................................................................................................2

    **I.**    **Standard of Review.** ..............................................................................................2

    **II.**    **Defendants Take No Position on Plaintiff's Request to Proceed Under Pseudonym.** ....................................................................................2

    **III.**    **Jane Roe Should Remain Anonymous Regardless of this Court's Decision on Plaintiff's Motion** .........................................................3

**CONCLUSION** .....................................................................................................................4

**CERTIFICATE OF SERVICE** ............................................................................................5

# INDEX OF AUTHORITIES

<u>Cases</u>

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). ........................................................ 2

*Kikuchi v. Perry*, No. 16-11182 (E.D. Mich. Jan. 31, 2017)................................3, 4

*Koe v. Univ. Hosps. Health Sys.*, No. 22-3952 (6th Cir. Mar. 8, 2024)................... 2

<u>Rules</u>

Fed. R. Civ. P. 10(a)…………………………………………………………..1

## **INTRODUCTION**

Plaintiff is a former student at the University of Detroit Mercy School of Dentistry. In the fall of 2018, the School of Dentistry issued a no-contact order to Plaintiff that required him to avoid contacting a female student. This female student – a non-party that is not accused of any wrongdoing – is identified as Jane Roe in Plaintiff's Complaint. Starting on November 14, 2018, Plaintiff was prohibited from having any contact with Jane Roe. In December 2018, the School of Dentistry placed Plaintiff on leave given alleged violations of the no-contact order with Jane Roe and Plaintiff exhibiting unusual behaviors. Plaintiff subsequently admitted to violating the no-contact order. The School of Dentistry ultimately dismissed Plaintiff.

Now, five years after his dismissal, Plaintiff brings claims against the School of Dentistry and the University of Detroit Mercy, attempting to undo his dismissal. In doing so, Plaintiff seeks permission to proceed in this action as a pseudonymous plaintiff, citing concerns about harms he could face which could prevent him from proceeding with his future endeavors. However, non-party Jane Roe would be subject to harm if Plaintiff were to identify her. Unlike Plaintiff, Jane Roe had no part in initiating this litigation and potentially exposing her identity. Defendants take no position on Plaintiff's request to proceed under pseudonym but insist that Jane Roe remain anonymous regardless of the Court's decision on Plaintiff's motion.

# ARGUMENT

## I. Standard of Review.

Pursuant to Fed. R. Civ. P. 10(a), a complaint must state the names of all parties. Courts may excuse a plaintiff from identifying themselves after considering, among other factors, whether the case challenges government activity, whether the party would be compelled to disclose "information of the utmost intimacy" or "an intention to violate the law," and whether the party is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The key question is whether the party's interest in privacy outweighs the presumption in favor of open judicial proceedings. *Id*.

## II. Defendants Take No Position on Plaintiff's Request to Proceed Under Pseudonym.

Defendants take no position on Plaintiff's request to proceed under the pseudonym John Doe. Generally, a complaint must state the names of all parties. *Id*. at 560. In the Sixth Circuit, use of a pseudonym is strictly reserved for situations where a party is forced to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment. *Id*. Defendants will not contest if this Court finds that Plaintiff has sufficiently shown the Sixth Circuit's threshold of showing that there is reasonable fear that they will suffer some "specific harm arising from disclosure of [their] identity." *Koe v. Univ. Hosps. Health Sys.*, No. 22-3952, 2024 U.S. App. LEXIS 5695, at *6-7 (6th Cir. Mar. 8, 2024).[1]

---

[1] All unpublished opinions are attached hereto as Exhibit A.

2

### III. Jane Roe Should Remain Anonymous Regardless of this Court's Decision on Plaintiff's Motion.

While Defendants take no position on Plaintiff's request to proceed under a pseudonym, Defendants respectfully ask this Court to reserve Jane Roe's right to remain anonymous in this suit. Courts often prioritize a victim's privacy interests regardless of whether a plaintiff is permitted to proceed anonymously. *See e.g., Kikuchi v. Perry*, No. 16-11182, 2017 U.S. Dist. LEXIS 12904, at *9 (E.D. Mich. Jan. 31, 2017).

In *Kikuchi*, the plaintiff filed a motion to proceed anonymously "on the basis that the victim of his crimes is his daughter." *Id*. at *7. The plaintiff contended that, "by revealing his name, his daughter's identity [would] be disclosed, and her privacy interest [would] be harmed." *Id*. The court denied the plaintiff's motion but emphasized the importance of keeping the victim's identity sealed. *Id*. at *9. Noting that, "[r]espondent ha[d] not disclosed the victim's name, and [the] court [would] not disclose the victim's name in its orders." *Id*.

Here, Jane Roe is not a party to this suit, and therefore under no requirement to disclose her identity. Jane Roe is also the victim of the Plaintiff's violations of the non-contact order. While Plaintiff chose to file this lawsuit, Jane Roe did not. Furthermore, there is no compelling reason to reveal her identity throughout these proceedings. Disclosing her identity would do nothing more than needlessly victimize Jane Roe.

Plaintiff's motion to proceed under a pseudonym baselessly claims that revelation of Doe's identify "will necessarily result in the revelation of identity of Jane Roe." (ECF No. 2, PageID.49). Defendants see no reason that disclosure of John Doe's identity would require John Doe to disclose the identity of Jane Roe. John Doe's naming of Jane Roe would serve no legitimate purpose in this litigation.

Simply put, it is Defendant's position that protecting the identity of Jane Roe is of the utmost importance. Like the victim in *Kikuchi*, Jane Roe should remain anonymous even if this Court denies Plaintiff's motion to proceed under a pseudonym.

## CONCLUSION

For the foregoing reasons, Defendants' take no position on Plaintiff's request to proceed under pseudonym, but respectfully requests that this Court, and Plaintiff, keep Jane Roe's identity undisclosed regardless of this Court's decision on Plaintiff's motion to proceed under a pseudonym.

                                         Respectfully submitted,
                                         Butzel Long, a professional corporation

                                         */s/* Blake C. Padget
                                         Blake C. Padget (P82978)
                                         200 Big Beaver Road, Suite 1200
                                         Troy, MI 48084
                                         (248) 258-1616
                                         dewitt@butzel.com
Dated: July 24, 2024            padget@butzel.com
                                         *Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2024, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

*/s/ Blake C. Padget*
Blake C. Padget (P82978)
