UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF DETROIT
MERCY, *et al.*,

    Defendants.
_____/

Case No. 24-11106
Hon. Linda V. Parker

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 17)

This matter is before the Court on Plaintiff John Doe's motion for reconsideration of the Court's February 6, 2025 Order denying his motion to proceed under a pseudonym. (ECF No. 17.) For the following reasons, the motion for reconsideration is **DENIED**.

**I.    STANDARD**

Eastern District of Michigan Local Rule 7.1(h) provides, in relevant part:

(h) Motions for Rehearing or Reconsideration.

\* \* \* \* \*

(2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.
>
> (3) No Response and No Hearing Allowed. No response to the motion and no oral argument are permitted unless the court orders otherwise.

To succeed on a motion for reconsideration, the movant "must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 236–37 (6th Cir. 2020) (citation omitted). Moreover, "[a] motion for reconsideration is not intended as a means" for a party to rehash arguments that the Court has rejected. *Saltmarshall v. VHS Children's Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019).

## II. ANALYSIS

Doe's sole argument is that the Court reached its prior decision as the result of a mistake. (ECF No. 17, PageID.436.) Specifically, Doe argues that his motion should have been granted as the case concerns information of the "utmost intimacy" and he would suffer severe harm if he used his name in connection with this litigation. (ECF No. 17, PageID.436-437.) Both arguments are essentially

2

identical to those raised in Doe's original motion. (*Compare* ECF No. 2, PageID.44-55 *with* ECF No. 17, PageID.436-437.) Furthermore, the Court explicitly and carefully considered both arguments and the cases cited in its prior order. (ECF No. 16, PageID.420-423.)

Importantly, in his motion for reconsideration, Doe does not specify how the Court's prior decision was erroneous; he merely reasserts his original arguments. Under L.R. 7.1(h)(2)(A) the mistake must have been based on the record at the time of the prior decision, so to the extent it provides new facts, Doe's declaration does not provide grounds for reconsideration under this section. (ECF No. 17-1.) "Old arguments re-presented will not justify reconsideration." *Saltmarshall*, 402 F. Supp. 3d at 393. As Doe does nothing more than rehash arguments raised previously, he has failed to show grounds for reconsideration.

However, the Court does acknowledge Doe's concern regarding the details of his sexual history which he revealed to Taryn Bailey Anderson. (ECF No. 17-1, PageID.459.) Although Doe's declaration does not provide grounds for reconsideration, to the extent that documents are filed which include specific details regarding Doe's sexual history, the Court would entertain a motion to seal that complies with Eastern District of Michigan Local Rule 5.3(b) and *Grae v. Corrections Corporation of America*, 134 F.4th 927 (6th Cir. 2025).

## III. CONCLUSION

For the foregoing reasons, Doe's motion for reconsideration (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** amend his Complaint to identify himself within thirty days of entry of this Order.

**IT IS FURTHER ORDERED** that Defendants **SHALL** file their answers to the Complaint 14 days after the filing of the First Amended Complaint.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 14, 2025